UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARTIN MELVIN :
: PRISONER CASE NO.
v. : 3:09-cv-1612 (CFD)
:
CTO MILLER, ET AL. :

## RULING ON MOTIONS FOR INJUNCTIVE RELIEF

The plaintiff, Melvin Martin, currently confined at Northern Correctional Institution ("Northern") in Somers, Connecticut, has filed a civil rights action against three defendants employed at Northern Correctional Institution and eleven defendants employed at New Haven Correctional Center. Plaintiff seeks injunctive relief against these defendants and other individuals who are not defendants in this action.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this Circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

While a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 72 (2d Cir. 1992). Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed.1995]. In this case, the court finds that oral testimony and argument is not necessary.

I. **Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. # 3]**

Plaintiff's motion re-asserts the claims in his complaint regarding comments allegedly made by defendants Miller and Butkiewicus in late December 2008 and early January 2009 regarding his request to make a telephone call from Northern to the New Haven Police Department that led other inmates to call him an informant. Plaintiff also reiterates his allegations regarding his transfer to the New Haven Correctional Center in April 2009, where he claims he was the victim of an excessive use of force by defendants

2

Grabowski, "John Doe," Moore and Malison, and received false disciplinary reports from defendants Ford and Grabowski. Plaintiff also asserts that shortly after his return to Northern at the end of July 2009, Officers Reale and Thomas, who are not defendants in this action, threatened him with harm if he filed this lawsuit.

For relief, plaintiff seeks to be transferred to either the Bridgeport Correctional Center ("Bridgeport") or the MacDougall-Walker Correctional Institution ("MacDougall"), be placed in protective custody at either facility, and to remain in protective custody during this case. Plaintiff also seeks an order restraining the defendants from harming him in any way.

Correctional Officers Reale and Thomas are not defendants in this action and the allegations regarding their threats to retaliate against him if he filed this lawsuit are not claims in the complaint. The court must have *in personam* jurisdiction over a person before it can validly enter an injunction against him or her. See Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction ... is binding only upon the parties to the action ..."). Because Officers Reale and Thomas are not parties to this action, the court does not have in personam jurisdiction over them and cannot enjoin their actions.

Plaintiff has no right to be housed at a particular prison facility. See Olim v. Wakinekona, 461 U.S. 238 (1983) (inmates have no right to be confined in a particular

state or a particular prison within a given state). Furthermore, plaintiff's allegations regarding threats and name-calling by other inmates at Northern from late December 2008 until April 2009 and that plaintiff suffered injuries as a result of an alleged excessive use of force by defendants Grabowski, "John Doe," Moore and Malison at the New Haven Correctional Center in June 2009 do not demonstrate that plaintiff is in imminent danger of harm if his request to be transferred to Bridgeport or MacDougall and placed in protective custody is not granted. Plaintiff's claims of imminent harm are speculative at best. Absent any allegations of irreparable injury, the plaintiff fails to satisfy the first requirement for the issuance of injunctive relief. Because there is no showing of irreparable harm, the court need not examine the other requirements for the issuance of injunctive relief. See Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (party seeking injunctive relief must demonstrate irreparable harm "before other requirements for the issuance of an injunction will be considered"). Accordingly, the plaintiff's motion for injunctive relief is denied.

## II. Letter Motion for Injunctive Relief [Dkt. # 26] and Rebuttal [Dkt. # 27]

Two recent letters to the Clerk and Magistrate Judge Smith have been docketed as a motion for injunctive relief. In the letter addressed to Judge Smith, plaintiff refers to the requests for relief included in his Rebuttal [Dkt. # 27] to the defendants' response to his motion for injunctive relief. Those requests for relief include: a court order directing Warden Quiros to place him on "recreation alone" status because he might be assaulted by another inmate during recreation, and a court order directing the Connecticut Commissioner of Correction to place him on protective custody status and to send him to a physician for a second medical opinion regarding his eyesight.

Plaintiff's Rebuttal to defendants' response to his first motion for injunctive relief documents events that have occurred since the filing of the complaint in September 2009. Plaintiff asserts that in November 2009, prison officials transferred him from Northern to MacDougall and in December 2009, prison officials transferred him from MacDougall to Cheshire Correctional Institution ("Cheshire"). On January 27, 2010, prison officials at Cheshire placed plaintiff on Administrative Segregation status and transferred him to Northern.

In February 2010, when plaintiff claims he began to experience taunts regarding his alleged association with the New Haven Police Department, he submitted a request to Warden Quiros to be placed in protective custody. At the end of March 2010, after an investigation into plaintiff's allegations, prison officials denied the request for protective custody placement because plaintiff had failed to provide any details of a serious threat against his safety or the names of inmates who had allegedly threatened him.

At the end of April 2010, plaintiff submitted another request to be placed in protective custody to Deputy Warden Powers at Northern. In May 2010, a counselor interviewed plaintiff as to his claims regarding another inmate who had information pertaining to alleged threats made against plaintiff. Plaintiff states that prison officials denied his request for protective custody placement.

Plaintiff also relates that prior to his incarceration, in June 2008, an optometrist diagnosed him as suffering from closed-angle glaucoma. In January 2009, Dr. Smith, an Optometrist at MacDougall, examined plaintiff due to an obstruction in his left eye. Dr. Smith refused to send plaintiff for further testing. On June 1 and 3, 2009, an optometrist at New Haven Correctional Center confirmed that plaintiff suffered from closed-angle

glaucoma and submitted a request to the Utilization Review Committee ("URC") for authorization to send plaintiff for further testing.

Plaintiff asserts that various prison medical personnel, Drs. Wright and Smith and Nurses "Sheila," "Barbara" and "Karen" failed to send him for further testing with regard to his glaucoma condition. In March 2010, an ophthalmologist at the University of Connecticut Health Center ("UCONN") examined plaintiff and diagnosed him as suffering from significant vision loss, optic nerve damage, retinitis pigmentosa, an inherited disease of the retina, and a cataract in his left eye. He prescribed new eye glasses for plaintiff with a 40% tint and recommended treatment by a retina specialist. Plaintiff complains that Dr. Smith refused to fulfill the eye glass prescription, including the tinted lenses. Plaintiff also asserts that Dr. Wright and Nurse "Barbara" failed to timely submit requests to the URC for an examination by a retina specialist. In May 2010, another ophthalmologist examined plaintiff at UCONN and ordered that plaintiff undergo a CAT scan to determine the cause of the loss of vision in his left eye. Plaintiff underwent the CAT scan on June 23, 2010.

Plaintiff includes several claims against Counselor Miller, who is a defendant in this action. Plaintiff alleges that during the months of January 2009 through March 2009 and again in August 2009 and October 2009, Counselor Miller failed to timely provide him with shower shoes, pens, paper, socks, sneakers, toothpaste, a legal call and an inmate handbook. Plaintiff also claims that in May 2010, defendant Miller removed his mother from his visiting list.

As indicated above, the court must have personal jurisdiction over a party before it can enjoin his or her actions. None of the individuals involved in considering plaintiff's requests for protective custody placement or treatment of his various eye conditions is a

6

defendant in this action. Thus, the court cannot enjoin their actions.

In addition, the allegations regarding the denial of plaintiff's requests to be placed in protective custody, delays in treatment for his glaucoma and other eye conditions, removal of plaintiff's mother from his visiting list and the delayed receipt of various items of clothing, toiletry items and correspondence materials are not related to claims in the complaint filed in this action. Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. See id.; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

The claims set forth in the letter motion for injunctive relief and rebuttal are new claims that are not in the complaint. Because the plaintiff's allegations and requests for relief are unrelated to the claims in the complaint, the request for injunctive relief as to those claims is inappropriate. See De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.")

Furthermore, plaintiff has not alleged that defendant Miller's alleged failure to provide him with various clothing items, toiletry items and correspondence materials in a

7

timely manner during 2009 or the alleged removal of plaintiff's mother from his visiting list in March 2010 placed him in imminent danger. Nor has plaintiff alleged any facts to suggest that he has been harmed by another inmate or prison staff since the alleged assault took place in June 2009 or that any other incident would warrant his transfer from Northern or placement in protective custody or on a recreation alone status. Absent any allegations of irreparable injury, the plaintiff fails to satisfy the first requirement for the issuance of injunctive relief. For the reasons set forth above, the letter motion for injunctive relief and the requests for relief set forth in the rebuttal are denied.

III. **CONCLUSION**

The Motion for Temporary Restraining Order and Preliminary Injunction [**Dkt. # 3**] and Letter Motion for Injunctive Relief [**Dkt. # 26**] and the requests for relief set forth in the Rebuttal [**Dkt. # 27**] are **DENIED**.

**SO ORDERED.**

Dated at Hartford, Connecticut, this <u>19th</u> day of July, 2010.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge