**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**MARTIN MELVIN**

                                         **PRISONER**
**v.**                         **CASE NO. 3:09-cv-1612 (CFD)(TPS)**

**CTO MILLER, ET AL.**

## RULING AND ORDER

Pending before the court is a letter filed by the plaintiff. Despite orders issued by the court on February 22, 2010, March 1, 2010, and July 20, 2010, the plaintiff continues to send letters addressed to the undersigned instead of filing properly captioned motions. In the present letter addressed, the plaintiff claims that he inadvertently forgot to include a copy of a certificate of service indicating that he had mailed a motion to compel dated September 23, 2010, to counsel for the defendants. On October 15, 2010, the court denied the motion to compel without prejudice because the plaintiff had not attached a certificate of service indicating that he had mailed a copy of the motion to compel to both attorneys representing the defendants. In the motion to compel, the plaintiff sought a court order directing counsel for the defendants to identify the Jane and John Doe defendants mentioned in the complaint. On October 29, 2010, the court denied the plaintiff's letter seeking reconsideration of that ruling on the ground that the plaintiff had still not demonstrated that he

had served the motion to compel on both attorneys of record. The plaintiff now seeks reconsideration of the court's ruling denying his letter motion for reconsideration of the order denying the September 23, 2010, motion to compel without prejudice.

There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). A court should not grant a motion for reconsideration if "the moving party seeks solely to re-litigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Thus, the standard governing motions for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters . . . that might reasonably be expected to alter the conclusion reached by the court." Id.

The plaintiff concedes that he did not submit the certificate of service when he filed his motion to compel in September 2010, or when he sent his first letter to the court in October 2010, seeking reconsideration of the ruling denying without prejudice the motion to compel. Thus, the plaintiff has not pointed to any data the court overlooked when it ruled on the motion to compel or the first letter motion for reconsideration. Accordingly, the second letter

2

motion for reconsideration [**dkt. # 66**] of the court's ruling on the first motion for reconsideration is **DENIED**.  Furthermore, the court will not construe this letter as a renewed motion to compel because the defendants have since permitted the plaintiff to view the videotape of the June 2009 incident and have assisted him in determining the identities of the John and Jane Doe defendants listed in the complaint.

**The plaintiff is on notice that the Clerk's Office will not accept letters addressed to the undersigned or Judge Droney seeking relief related to this action.  In view of the many motions that the plaintiff has filed in this matter, it is clear that he is well-versed in how to file a properly captioned motion seeking relief.  Thus, there is no need for the plaintiff to be sending letters directed to the undersigned or Judge Droney.**
**IT IS SO ORDERED.**
**Dated at Hartford, Connecticut, this 11th day of July, 2011.**

> **/s/ Thomas P. Smith**
> **Thomas P. Smith**
> **United States Magistrate Judge**