**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**MARTIN MELVIN,**
      **Plaintiff,**

    V.                        CIV. NO. 3:09-cv-01612 (RNC)

**CTO MILLER, ET AL,**
      **Defendants**

## RULING ON PENDING MOTIONS

Pending before the Court are four motions filed by the pro se plaintiff. Three of the motions are contained in one document (Dkt. #149), and consist of a Motion for *In Camera* Inspection, a Motion for Entry of Default Judgment, and a Motion to Subpoena The Honorable Christopher F. Droney. The three motions are predicated on the plaintiff's fundamental misunderstanding of the Initial Review Order (Dkt. #28) filed by Judge Droney in this case. Specifically, the plaintiff erroneously believes that Judge Droney viewed a videotape of the alleged actions giving rise to the Complaint in this case, and that his Initial Review Order contains factual conclusions demonstrating the use of excessive force. As this Court carefully explained to the plaintiff in its Memorandum of Status Conference (Dkt. #148), in accordance with the applicable statutes and case law, Judge Droney's Initial Review Order assumed the truth of the allegations contained in the Complaint. Although the plaintiff seems to think otherwise, Judge Droney did not, and

could not, find that plaintiff's allegations were substantiated. These are questions reserved for a jury. Moreover, Judge Droney's recitation of the allegations in this case come not from having viewed a videotape of the alleged incident, but solely from his review of the Complaint. In fact, at the time of the Order, the defendants had not yet filed an Answer, and discovery had not yet begun. The plaintiff has not provided any explanation, nor could he, as to how Judge Droney could have come into possession of such a videotape.
The simple fact is that the Initial Review Order is a recitation of the allegations in the Complaint.

The plaintiff's misunderstanding of the Initial Review Order has, unfortunately, had additional consequences. As the plaintiff's submissions state, the videotape he has subsequently been provided by the defendants does not show the instances of excessive force described in the Initial Review Order. Because the plaintiff continues to erroneously believe that the Initial Review Order reflects Judge Droney's observations from having watched the videotape, he has concluded that the defendants must have tampered with the videotape. Accordingly, he has filed a motion for entry of default judgment against the defendants, citing the alleged tampering of evidence, as well as a motion for issuance of a subpoena ad testificandum for Judge Droney.

Out of an abundance of caution, the Court ordered defendants'

counsel to make a good faith attempt to locate the original videotape, conduct a comprehensive comparative review of both the original videotape and the copy provided to the plaintiff, and to file a report on the record with his findings.  The defendants have fully complied with the Court's order.  See Dkt. #154.  The Court accepts the representation, contained in a sworn affidavit from a member of the Department of Correction's computer forensic team, that their comprehensive review has confirmed that none of the tapes were tampered with or edited.  Id. at 6.

For the foregoing reasons, the plaintiff's Motion for *In Camera* Inspection, Motion for Entry of Default Judgment, and Motion to Subpoena The Honorable Christopher F. Droney, all of which are contained in Dkt. #149, are DENIED.  The plaintiff's Motion for Extension of Time to Respond to the Court's Memorandum of Status Conference (Dkt. #152) is also DENIED.  The Memorandum neither requested nor contemplated a response from the plaintiff.

**Dated at Hartford, Connecticut this  7th day of February, 2013.**

>	/s/ Thomas P. Smith
>	**THOMAS P. SMITH**
>	**UNITED STATES MAGISTRATE JUDGE**