```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MARTIN MELVIN,                    :
                                  :
     Plaintiff,                   :
                                  :
v.                                :     Case No. 3:09-CV-01612 (RNC)
                                  :
MILLER, ET AL.,                   :
                                  :
     Defendants.                  :
                                  :
```

RULING AND ORDER

Plaintiff Martin Melvin, proceeding *pro se*, has filed a Second Amended Motion for an Extension of Time (ECF No. 216), which the Court has construed as a motion under Rule 60(b) for relief from this Court's order of June 16, 2014 (ECF No. 205) dismissing his case for failure to prosecute under Federal Rule of Civil Procedure 41(b).  Defendants have objected to reopening the case, and Mr. Melvin has replied.  For reasons that follow, the case will be reopened.

I. Background

Mr. Melvin, a Connecticut inmate, filed this lawsuit in 2009 claiming that officials at Northern Correctional Institution and New Haven Correctional Center had violated the First, Eighth and Fourteenth Amendments by using excessive force against him, ignoring his medical needs and preventing him from filing inmate grievances.  On April 7, 2014, the Court set the final pretrial conference for July 31, 2014 and jury selection for August 12,

1

2014.  The Court directed notice to Mr. Melvin by a mailing sent to the APT Foundation in Bridgeport, Connecticut, his address of record.[1]  On April 21, the mailing was returned as undeliverable.  The next day, the Court learned that Mr. Melvin had been discharged from the Bridgeport facility without apprising the Court of his change in address, as was his responsibility under Local Rule 83.1(c)(2).  Further attempts to reach him failed.  Accordingly, on May 13 the Court entered an order directing Mr. Melvin to provide the Clerk with a current address on or before June 13, 2014.  The order stated that if Mr. Melvin did not comply, his case would be dismissed without prejudice for failure to prosecute.  The deadline passed without word from Mr. Melvin, and on June 16 the Court dismissed his case.

On June 24, Mr. Melvin contacted the Clerk's Office by telephone and stated he had received none of the Court's recent orders.  Mr. Melvin followed this call with a number of motions stating he had failed to alert the Court to his change of address because of a severe illness and seeking extensions of time so he might obtain medical records supporting his contention.  See ECF Nos. 207, 211, 212, 214, 215, 216, 219, 220, 221 & 223.

Based on the parties' submissions, it appears that Mr. Melvin became seriously ill on or about March 12, 2014.  Medical records

---

[1] Mr. Melvin had been released to supervised custody on February 3, 2014.

indicate he was suffering from influenza and pneumonia, with a fever in excess of 104 degrees and dangerously low blood pressure. ECF No. 238, at 38-39. Mr. Melvin left the APT Foundation on March 13 and was in the hospital on March 14. He states that before leaving the Foundation, he left a change of address form with the outgoing mail.

Mr. Melvin remained in the hospital until his discharge on March 28. He appears to have returned for treatment in late May, a consequence, he says, of a pneumonia relapse. Mr. Melvin states that he contacted the Clerk's Office by telephone in April but, still somewhat impaired by his illness, failed to realize the Court had never received his change of address form.

Defendants do not dispute Mr. Melvin's account. They do, however, produce records showing that Mr. Melvin absconded from special parole on April 23, 2014. The same records indicate he was returned to Department of Correction custody on June 13, 2014, some ten days before he first contacted the Court about the dismissal of his case. ECF No. 231, at 12. Defendants provide no further detail about Mr. Melvin's absconding from custody or his whereabouts between March 28, when he was released from the hospital, and April 23, when he absconded.

II. Discussion

Under Federal Rule of Civil Procedure 60(b)(1), a court may in its discretion relieve a party from judgment on a showing of

3

"mistake, inadvertence, surprise, or excusable neglect."[2]  The term "excusable neglect" embraces "inadvertence, carelessness, and mistake, and may be found where a party's failure to comply with filing deadlines is attributable to negligence."  Fetik v. New York Law Sch., No. 97 Civ. 7746 (DLC), 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999) (internal quotation marks omitted).  *Pro se* litigants "have been held to lower standards in establishing excusable neglect," but no party may obtain relief under the Rule absent "highly convincing evidence" showing the judgment should be vacated.  Major v. Coughlin, No. 94 Civ. 7572, 1997 WL 391121, at *2 (S.D.N.Y. July 11, 1997).  Whether to relieve a party from judgment is "at bottom an equitable [determination]," one that takes account of the reason for the party's neglect, the length of the delay it caused, and any prejudice to the non-movant. Fetik, 1999 WL 459805, at *4.

   The Court concludes that Mr. Melvin should be relieved from the order dismissing his case for failure to prosecute.  It is unnecessary to decide whether Mr. Melvin's representations concerning the change of address form and telephone call to the Clerk, in combination with his *pro se* status, provide sufficient support for a finding of excusable neglect.  See Sacco v. Matter, 154 F.R.D. 35, 37 (N.D.N.Y. 1994) ("While it is clear that

---

[2] The movant must seek relief within one year of entry of judgment, Fed. R. Civ. P. 60(c)(1), and Mr. Melvin has done so in this case.

plaintiff has neglected his responsibility to keep the district court apprised of his current address, as well as his duty to keep himself apprised of the state of his action, his status as a *pro se* prisoner gives the court broad discretion to overlook these breaches."). What sets Mr. Melvin's case apart is his severe illness at the pertinent time. It is undisputed that Mr. Melvin went directly to the hospital after leaving the APT Foundation, remained in the hospital for two weeks and never fully recovered before relapsing in May. His failure to attend to his lawsuit in such circumstances is excusable. See United States v. Burnette, No. 98 Civ. 6756 (CPS), 2007 WL 201164, at *2 (E.D.N.Y. Jan. 23, 2007) ("A defendant's severe illness at the time of the default may be sufficient for a finding of excusable neglect under Rule 60(b)(1)." (internal quotation marks omitted)); Fetik, 1999 WL 459805, at *4 ("A court may consider a movant's severe illness when deciding whether an instance of neglect is excusable.").

    Defendants have not demonstrated they will suffer serious prejudice if the case is reopened. Their primary argument against reopening rests on Mr. Melvin's apparent escape from custody on April 23, 2014. This conduct, they submit, was both unlawful and the reason Mr. Melvin abandoned his case. Thus, they argue, relieving him from the dismissal would "reward" him for absconding.

The Court is sensitive to defendants' concern and agrees that no litigant should benefit from breaking the law.  But in this case the Court's inability to contact Mr. Melvin was due to his illness and hospitalization, not his decision to abscond from custody.  By April 23, 2014, the day Mr. Melvin absconded, three mailings had been returned to the Clerk's Office as undeliverable, and the Court had learned that he had left the APT Foundation without leaving a forwarding address.  It is possible that if Mr. Melvin had not left custody in late April, he would have avoided dismissal.  But that is far from certain, and the Court cannot ignore the undisputed fact that Mr. Melvin's failure to attend to his lawsuit was in the first instance due to his severe illness.

The strong policy favoring the resolution of cases on their merits, and the solicitude generally owed *pro se* litigants, counsel against holding Mr. Melvin to the Court's dismissal.  He is plainly keen to litigate this action.  See, e.g., ECF Nos. 211, 212, 214 & 216 (a series of lengthy motions seeking relief from judgment); Styles v. Goord, 431 Fed. Appx. 31, 32 (2d Cir. 2011) (holding that the district court erred in denying Rule 60(b) relief to a *pro se* plaintiff whose case was dismissed for failure to prosecute, largely because "the record show[ed] that [plaintiff] was intent on prosecuting the case").  In the absence of significant prejudice to the defendants, the balance of

6

interests tips in favoring of reopening.

III. Conclusion

    Accordingly, the motion for relief under Rule 60(b) is hereby granted.  The Clerk is directed to reopen the case.

    So ordered this 29th day of March 2016.

                                         <u>      /s/ RNC      </u>
                                             Robert N. Chatigny
                                   United States District Judge